COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| LESLIE TIMOTHY CREIGHTON, | § | No. 08-09-00023-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 204th Criminal District Court |
| | § | |
| THE STATE OF TEXAS, | | of Dallas County, Texas |
| | § | |
| Appellee. | | (TC# F-08-12701-Q) |
| | § | |
| | § | |

**O P I N I O N**

A jury convicted Appellant of evading arrest or detention using a motor vehicle. Punishment was assessed at 2 years' confinement.[1]  On appeal, Appellant argues that the trial court erred in its written judgment.  We affirm the judgment as modified.

Firefighter Ronald Landis was in the emergency bay at Baylor Hospital on January 11, 2008, when a woman approached him and reported that a man was assaulting a woman in a car across the street.  Landis saw a man standing by the driver's side door of a vehicle, and the man was screaming at somebody inside the vehicle.  He then told Officer Vernita Allen, a security officer at the hospital what he had seen and she called the police.

When Landis and Officer Allen arrived at the parking lot, they saw the man, who was

---

[1] Appellant was convicted at trial of aggravated assault against a public servant with a deadly weapon and evading arrest or detention using a motor vehicle, and he was sentenced concurrently for the two offenses.  Appellant has appealed both convictions and this Court has addressed them as companion cases.

later identified as Appellant, still standing outside the car and arguing with a woman who was sitting on the passenger's side. Then, Officer Mateo D. Villareal and another officer arrived on the scene.[2] Officer Villareal identified himself to Appellant, and looked into the vehicle with a flashlight while standing beside the rear passenger's side of the vehicle. Officer Villareal told Appellant to wait because he wanted to talk to him, but Appellant got in the car and started backing up. Officer Villareal and another officer had to step out of the way as Appellant backed the vehicle. Appellant then put the vehicle into forward and turned its wheels towards Officer Villareal, and drove forward. Officer Villareal jumped out of the way as Appellant drove towards him, and the officers eventually lost sight of Appellant as he continued through the parking lot.

Meanwhile, Officer Henry Vargas responding to a dispatch arrived at the parking lot and saw a Jeep Cherokee heading towards the main exit. The officer turned on his lights and siren, and started following the Jeep that drove through a wooden exit gate arm. After chasing the Jeep for a substantial distance, it eventually pulled over and stopped. Officer Vargas pulled in front and exited his patrol car, with his weapon drawn. Officer Stanley G. Snead arrived as back up. Officers Vargas and Snead drew their weapons and told the driver to keep his hands on the steering wheel. Appellant was identified as the driver of the Jeep.

Appellant was indicted for the offense of evading arrest or detention using a motor vehicle.[3] He entered a plea of not guilty to a jury. The jury found him guilty of a state jail

---

[2] Officer Villareal is a police officer at the Baylor Health Care System Department of Public Safety.

[3] The evading arrest offense was with respect to Officer Vargas.

felony, and the court assessed punishment at two years' confinement. Appellant filed a notice of appeal to appeal this judgment of conviction on November 12, 2008.

In his sole issue, Appellant contends the trial court erred in that its judgment reflects he was found guilty of the offense of "evading arrest - detention facility using vehicle" instead of an evading arrest offense, and it indicates Appellant's trial attorney was Phil Barton instead of Donna Winfield. In its brief, the State agrees with Appellant because "[t]he inclusion of the word 'facility' is obviously a meaningless clerical error," and the State also stated that Ms. Winfield "is one of the attorneys who represented Appellant during most of the trial proceedings."

An appellate court has the authority to modify incorrect judgments where the evidence necessary to correct a judgment appears in the record. TEX.R.APP.P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-8 (Tex.Crim.App. 1993). The judgment in the instant case, Cause Number F-08-12701-Q, shows Appellant was convicted for the offense of "evading arrest - detention facility using vehicle." However, the record indicates Appellant was convicted of "evading arrest as charged in the indictment." The indictment specified the charged offense as "evading arrest/det mv." Because the language in the judgment does not reflect the language used in the charging instrument and the verdict, the judgment shall be modified as follows: "Evading arrest-Detention motor vehicle." Appellant's further request for modification requiring the designation of trial counsel is denied.

The trial court's judgment is affirmed as modified.


March 2, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, J., and Larsen, J.
Larsen, J. (Sitting by Assignment)

(Do Not Publish)